UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
666 Third Avenue, Floor 29
New York, New York 10017
(212) 545-4000
Douglas J. Klein
Christopher M. Repole
Ryan C. Chapoteau
*Attorneys for Defendant*

| | |
|---|---|
| ALVARO RAMIREZ GUZMAN, ELIDA AGUSTINA MEJIA HERRERA and LETICIA PANAMA RIVAS, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORPORATION<br><br>Defendant. | 20-cv_____( )<br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant The First Chinese Presbyterian Community Affairs Home Attendant Corporation (hereinafter "Defendant"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, respectfully seeks removal of this action and states:

1. Plaintiffs are former homecare employees of Defendant. Plaintiffs commenced a civil action in the Supreme Court of the State of New York, County of New York by filing a Summons and Class Action Complaint on September 2, 2016. The Clerk assigned the action Index No. 0157401/2016 (hereinafter referred to as the "State Court Action").

1

2. In the State Court Action, Plaintiffs have sought to recover wages and benefits allegedly owed under New York law, individually and on behalf of a putative class of individuals, who are all members of a union, 1199SEIU United Healthcare Workers East (the "Union"). In a separate matter, the Union commenced an industry-wide grievance-arbitration on behalf of approximately 75,000 of its homecare industry members and, pursuant to a collective bargaining agreement ("CBA") between Defendant and Plaintiffs' Union, the Arbitrator issued an Arbitration Award finding jurisdiction over all of the claims the Union asserted on behalf of its members.

3. On May 15, 2020, Plaintiffs filed a Proposed Order to Show Cause in the State Court Action, seeking, *inter alia*, to vacate the Arbitration Award. A copy of the Proposed Order to Show Cause is attached hereto as Exhibit "A."

4. This action is one which may be removed to this Court by Defendant, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because this action arises under the Constitution, laws, or treaties of the United States.

5. This Notice is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed with this Court within thirty (30) days after service on Defendant of Plaintiffs' Proposed Order to Show Cause in the State Court Action, Plaintiffs' first filing from which it could be ascertained that the State Court Action is removable.

## THE PARTIES

6. Plaintiffs Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera and Leticia Panama Rivas, individually and on behalf of all other persons alleged to be similarly situated are, upon information and belief, residents of the State of New York.

7. Defendant is a New York not-for-profit corporation, with its principal place

of business in the State of New York.

## THE COURT'S REMOVAL JURISDICTION

8. 28 U.S.C. § 1441 provides the basis for removal jurisdiction of this Court in this action. That section provides, in pertinent part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9. Plaintiffs' Order to Show Cause requires court interpretation of an Arbitration Award pursuant to the CBA between Defendant and Plaintiffs' Union. Therefore, the Order to Show Cause purports to state claims under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which completely preempts the State Court Action. As a result, the state claims are now within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Accordingly, the State Court Action is removable to this Court under 28 U.S.C. § 1441.

11. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding Plaintiffs have pled claims upon which relief may be granted.

12. Defendant will promptly notify the Supreme Court of the State of New York, County of New York, and all adverse parties in the State Court Action, of this Notice of Removal by filing with the Court a Notice of Filing of Notice of Removal and serving a copy of same on all parties. A copy of that notification, without this duplicate exhibit, is annexed hereto as Exhibit "B."

Respectfully submitted,

JACKSON LEWIS P.C.


/s/ Christopher M. Repole
Douglas J. Klein
Christopher M. Repole
Ryan C. Chapoteau
666 Third Avenue, Floor 29
New York, New York 10017
(212) 545-4000
(212) 972-3213 (Fax)
douglas.klein@jacksonlewis.com
ryan.chapoteau@jacksonlewis.com
christopher.repole@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

Dated: New York, New York
May 20, 2020