**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────

**ALVARO RAMIREZ GUZMAN, ET AL.,**

      **PLAINTIFFS,**              **20-cv-3929 (JGK)**

   **- AGAINST -**                 **OPINION AND ORDER**

**FIRST CHINESE PRESBYTERIAN COMMUNITY**
**AFFAIRS HOME ATTENDANT CORPORATION,**

      **DEFENDANT.**
─────────────────────────────────

**EUGENIA BARAHONA ALVARADO,**      **20-cv-3930 (JGK)**

      **PLAINTIFF,**

   **- AGAINST -**

**ALLIANCE FOR HEALTH, INC.,**

      **DEFENDANT.**
─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, and Leticia Panama Rivas ("FCP Plaintiffs") and Eugenia Barahona Alvarado are former home health aides who brought separate suits in state court against their respective former employers, First Chinese Presbyterian Community Affairs Home Attendant Corporation ("FCP") and Alliance for Health, Inc. ("Alliance"), alleging violations of New York State and New York City Labor Law, individually and on behalf of putative classes. While the Plaintiffs' state court cases were pending, 1199SEIU United Healthcare Workers East ("1199SEIU" or the "Union") commenced an industry-wide class action grievance dispute process against

over forty home health aid agencies including FCP and Alliance
on behalf of the Union's members for violations of certain
federal and state wage and hour laws, and on April 17, 2020, the
selected Arbitrator issued an award (the "Award"), deciding two
jurisdictional issues.  After the Plaintiffs each filed an Order
to Show Cause seeking to vacate parts of the Arbitrator's Award
and to stay further arbitration, Alliance removed Alvarado's
suit and FCP removed the FCP Plaintiffs' suit to this Court,
alleging that the Court has jurisdiction pursuant to Section 301
of the Labor Management Relations Act of 1947 (the "LMRA"), as
amended, 29 U.S.C. § 185. The Plaintiffs each now move to remand
their respective cases to state court, alleging that this Court
lacks subject matter jurisdiction.

**I.**

On a motion to remand for lack of subject matter
jurisdiction, courts assume the truth of non-jurisdictional
facts alleged in the complaint, but may consider materials
outside of the complaint, such as documents attached to a notice
of removal or a motion to remand that convey information
essential to the court's jurisdictional analysis. Romero v. DHL
Express (U.S.A), Inc., No. 15-cv-4844, 2016 WL 6584484, at *1
(S.D.N.Y. Nov. 7, 2016), aff'd sub nom. Romero v. DHL Express
(USA), Inc., 719 F. App'x 80 (2d Cir. 2018).

## II.

The following facts are taken from the Plaintiffs' original and amended complaints, the Defendants' Notices of Removal, and the parties' supplementary declarations.

The FCP Plaintiffs are former health aides who worked at FCP prior to 2015 and are residents of New York. Notice of Removal ¶ 6, ECF No. 1, Guzman et al. v. FCP, 20-cv-3929 ("FCP Action"); Klein Decl., ECF No. 19, FCP Action ("Klein FCP Decl."), Ex. E ¶¶ 5-7, 19, 21, 36, 54. Alvarado is a citizen of New York, who was employed as a home health care aid by Alliance from February 2013 to August 2015. Notice of Removal ¶ 6, ECF No. 1, Alvarado v. Alliance, 20-cv-3930 ("Alliance Action"); Klein Decl., ECF No. 18, Alliance Action ("Klein Alliance Decl."), Ex. E ¶¶ 5, 16, 17.  FCP is a not-for-profit corporation, with its principal place of business in the State of New York, Notice of Removal ¶ 7, FCP Action; Alliance is a business corporation, incorporated under the laws of, and located in, the State of New York, Klein Alliance Decl. Ex. F ¶ 7.  Both the FCP Plaintiffs and Alvarado sought to bring claims on behalf of a putative class, but no class has been certified in either case.

1199SEIU is a union that serves as the sole and exclusive representative for home care employees at FCP and Alliance. Lusher Decl., ECF No. 22, FCP Action ("Lusher FCP Decl."), Ex.

3, at 41. 1199SEIU has entered into a collective bargaining agreement ("CBA") with both Defendants that requires the arbitration of grievances by Union-represented employees.[1] Id. at 34. In 2016, 1199SEIU and the Defendants executed a Memorandum of Agreement ("MOA"), which amended the CBA to add a new Alternative Dispute Provision, which explicitly requires that "all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ('FLSA'), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively 'Covered Statutes'), in any manner, shall be subject exclusively to the grievance and arbitration procedures," set forth in the provision. Lusher FCP Decl., Ex. 3, at 11-12; Lusher Decl., ECF No. 21, Alliance Action ("Lusher Alliance Decl."), Ex. 3, at 11-12.[2]

The FCP Plaintiffs commenced a civil action against FCP in the New York State Supreme Court on September 2, 2016, seeking recovery of unpaid wages and benefits to which they were allegedly entitled under New York State and New York City law. Klein FCP Decl. Ex. A; Lusher FCP Decl., Ex. 1, at 3. On

---

[1]  The CBAs that 1199SEIU entered into with each of the Defendants, though not identical, are materially similar.  Moreover, the Plaintiffs do not allege any differences in their language have any substantive impact on the present motions or the Plaintiffs' claims.  For more information about the CBA, the Court refers parties to its Order and Opinion, issued in the related case, 20-cv-3611.
[2]  For FCP and Alliance, the relevant MOA was executed in 2016.  As noted in the Order and Opinion issued in the related case 20-cv-3611, other employers that are parties to the Union's industry-wide grievance proceeding executed the relevant MOA earlier, or executed the MOA so that it took effect as of a date in 2015.

December 2, 2016, FCP moved to compel the FCP Plaintiffs to
arbitrate their claims, arguing that the Plaintiffs were
required to arbitrate their claims under the CBA and the MOA.
The state court denied the FCP's motion, concluding that the
Plaintiffs did not consent to arbitrate their Covered Statute
Claims, because they ceased their employment before the MOA took
effect. FCP did not appeal this decision. Lusher FCP Decl. Ex. 5
¶ 9. The FCP Plaintiffs then filed an amended complaint,
redefining the putative class to include only former employees
who ceased working for FCP prior to the date the MOA was signed,
and on July 22, 2019, FCP filed an answer. Klein FCP Decl. Exs.
E & H.

In the period that followed, the FCP Plaintiffs never filed
a motion to certify the putative class.  In the interim,
pursuant to the CBA and the MOA, the Union initiated an
industry-wide grievance arbitration with FCP and other employers
on behalf of the Union members. Notice of Removal ¶ 2, FCP
Action.

On January 6, 2020, the FCP Plaintiffs filed an Order to
Show Cause seeking a temporary restraining order and an
injunction to prevent the Arbitrator from exercising
jurisdiction over the named FCP Plaintiffs and their claims.
The state court granted their request for an injunction on
January 13, 2020 ("FCP Injunction Order"). Although the FCP

Plaintiffs argue that the FCP Injunction Order applied to both the named Plaintiffs and the putative class, the Order merely stated that the motion was granted, and did not explicitly state that the Arbitrator was enjoined from considering the putative class. Lusher FCP Decl. Ex. 2, at 6.

The Arbitrator issued an Award on April 17, 2020 after finding that he had jurisdiction to arbitrate the grievances of home health aides, who were current or former employees of the employers that were parties to the CBA and the MOA with the Union, for violations of the Covered Statutes by their employers, including FCP. Lusher FCP Decl. Ex. 3. In recognition of the FCP Injunction Order, the Arbitrator explicitly excluded the FCP Plaintiffs from the Award. Lusher FCP Decl. Ex. 3, at 48. However, the Arbitrator did not exclude the putative class that the FCP Plaintiffs seek to represent.

On May 15, 2020, the FCP Plaintiffs filed an Order to Show Cause seeking, in relevant part:

> an order "(1) vacating that portion of the Arbitrator's Award finding that the Plaintiffs' claims are arbitrable; (2) vacating that portion of the Arbitrator's Award finding that the Arbitrator has the authority to decide threshold issues of arbitrability; (3) staying the arbitration of Plaintiffs' claims in the [Union's] Arbitration; (4) modifying the January 13, 2020 Order . . . to explicitly state that it applies to all Plaintiffs, which includes named plaintiffs and Putative Class members consisting of all former employees who ceased working for [FCP] before April 7, 2016 . . . ."

Notice of Removal, FCP Action, Ex. A, at 1. The FCP Plaintiffs
sought such relief pursuant to N.Y. C.P.L.R. § 7511. Lusher FCP
Decl. Ex. 4 at 8, 15.[3] FCP filed a notice of removal on May 20,
2020, invoking the Court's federal question jurisdiction
pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and Section 301 of
the LMRA.  The Plaintiffs assert that the Proposed Order to Show
Cause requires interpretation of the Award and the CBA between
the Union and FCP, and therefore the Court has jurisdiction
pursuant to Section 301. Notice of Removal ¶ 9, FCP Action.

Alvarado commenced her suit against Alliance on June 8,
2018 together with Martha Lorentti-Herrera, who has since been
dismissed as a named plaintiff.[4] Klein Alliance Decl. Ex. B. On
August 17, 2018, Alliance moved to compel arbitration, on the
basis of the MOA. Klein Alliance Decl. Ex. D; Lusher Alliance
Decl. Ex. 5. The state court denied Alliance's motion in a
decision that was affirmed on appeal by the Appellate Division

[3]  N.Y. C.P.L.R. § 7511 permits parties to file an application to a New York
state court to vacate or modify an arbitration award.  The Plaintiffs sought
to vacate the Award pursuant to N.Y. C.P.L.R. § 7511(b)(1)(iii), which
permits a "party who either participated in the arbitration or was served
with a notice of intention to arbitrate if the court finds that the rights of
that party were prejudiced," on grounds including that the "arbitrator . . .
exceeded his power or so imperfectly executed it that a final and definitive
award upon the subject matter submitted was not made." N.Y. C.P.L.R.
§ 7511(b)(1)(iii); Lusher FCP Decl. Ex. 4 at 8, 15. Section 7511(b)(2), on
which the Plaintiffs also rely, allows a party that did not participate in
the arbitration to seek nevertheless to vacate an arbitration Award on
grounds including that "a valid agreement to arbitrate was not made" or a
failure to comply with the arbitration agreement.  N.Y. C.P.L.R.
§ 7511(b)(2).
[4]  Counsel for Alvarado has represented that Lorentti-Herrera was removed as a
named plaintiff because she continued to work for Alliance after February
2016 when the MOA was executed and, as a result, she was bound to arbitrate
her claims.

of the New York State Supreme Court. <u>Lorentti-Herrera v. All.</u>
<u>for Health, Inc.</u>, 104 N.Y.S.3d 103 (App. Div. 2019); Lusher
Alliance Decl. Ex. 5. The Appellate Division interpreted the MOA
and CBA to find that neither Alvarado "nor any other class
member who was not employed by defendant when the MOA was
entered into" was bound by the MOA to arbitrate. <u>Id.</u> at 103.
Alvarado then filed an amended complaint on June 10, 2019, and
Alliance filed its answer on July 1, 2019. Klein Alliance Decl.
Exs. F & G.

    Like the FCP Plaintiffs, on January 13, 2020, Alvarado
filed an Order to Show Cause seeking a temporary restraining
order and an injunction against the arbitration of her claims
and those of the putative class.  At oral argument, the Judge
declined to grant a temporary restraining order or an
injunction, but required Alliance to submit a letter to the
Arbitrator.  Lusher Alliance Decl. Ex. 2. Unlike the FCP
Plaintiffs, in his original Award, the Arbitrator did not
exclude Alvarado from the arbitration Award. However, on May 27,
2020, the Arbitrator approved a stipulation between Alliance and
the Union excluding Alvarado from the original April 17, 2020
Award. Klein Alliance Decl. Ex. J.  On May 18, 2020, Alvarado
filed an Order to Show Cause seeking, in relevant part:

        an order (1) vacating that portion of the Arbitrator's
        Award finding that Plaintiffs' claims are arbitrable; (2)
        vacating that portion of the Arbitrator's Award finding

that the Arbitrator has the authority to decide threshold issues of arbitrability for Plaintiffs; (3) staying the arbitration of Plaintiffs' claims in the [Union's] Arbitration; which includes the Named Plaintiffs and Putative Class members consisting of all former employees who ceased working for Defendant before February 18, 2016 . . . .

Notice of Removal, Alliance Action, Ex. A at 1. Like the FCP Plaintiffs, Alvarado sought such relief pursuant to N.Y. C.P.L.R. § 7511. Lusher Alliance Decl. Ex. 4 at 8, 13. On May 20, 2020, Alliance filed its notice of removal, asserting that this Court had federal question subject matter jurisdiction under Section 301(a) of the LMRA. Notice of Removal, Alliance Action.

### III.

The Plaintiffs move to remand this action to state court, arguing that their state law claims are not preempted by Section 301 of the LMRA, and that their Orders to Show Cause do not require consulting the CBA and do not warrant removal. The Defendants argue that this Court has jurisdiction because the Plaintiffs' Orders to Show Cause to stay the Union's arbitration or vacate the Award pursuant to N.Y. C.P.L.R. § 7511 are completely preempted by Section 301 because they relate to rights created by the CBA and are substantially dependent on the interpretation of the CBA. The Plaintiffs assert that removal was improper because the state court did not need to review any labor agreement in light of the previous state court decisions

that already interpreted the scope of the MOA and CBA.  However, this argument appears to confuse preclusion principles with federal question jurisdiction and misconceives the nature of Section 301's "complete preemption."

The party seeking removal bears the burden of establishing that removal is proper. See Mehlenbacher v. Azko Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). The Defendants removed this action pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court.[5] An action may be removed to federal court pursuant to § 1441 if the Plaintiff's "well-pleaded complaint" presents a federal question. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Salamea v. Macy's E., Inc., 426 F. Supp. 2d 149, 153 (S.D.N.Y. 2006). However, there is a "complete preemption" corollary to the well-pleaded complaint rule: "[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within the field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims," and thus is subject to removal. Marcus v. AT&T Corp., 138 F.3d 46, 53 (2d Cir. 1998); see also

---

[5] Unless otherwise noted, this Opinion and Order omits all alterations, omissions, emphasis, internal quotation marks, and citations in quoted text.

Alameda Room, Inc. v. Pitta, 538 F. Supp. 1072, 1075-76
(S.D.N.Y. 1982) ("[A]rising under removal is proper, even where
the complaint relies solely on state law, if the state law
relied upon by the plaintiff has been preempted by federal law,
meaning that federal law, by definition, provides the only
possible legal basis for the relief sought by the plaintiff.").

Section 301, one of the few statutes recognized by the
Supreme Court having the requisite preemptive force to support
complete preemption, provides in relevant part:

> Suits for violation of contracts between an employer
> and a labor organization representing employees in an
> industry affecting commerce as defined in this
> chapter, or between any such labor organizations, may
> be brought in any district court of the United States
> having jurisdiction of the parties, without respect to
> the amount in controversy or without regard to the
> citizenship of the parties.

29 U.S.C. § 185(a); Whitehurst v. 1199SEIU United Healthcare
Workers E., 928 F.3d 201, 206 (2d Cir. 2019). Section 301
preemption serves to "ensure uniform interpretation of
collective-bargaining agreements." Whitehurst, 928 F.3d at 206
(2d Cir. 2019) (quoting Lingle v. Norge Div. of Magic Chef,
Inc., 486 U.S. 399, 404 (1988)). Although "[n]ot every suit
concerning employment or tangentially involving a CBA . . . is
preempted by Section 301," Vera v. Saks & Co., 335 F.3d 109, 114
(2d Cir. 2003) (per curiam), Section 301 of the LMRA will
completely preempt a state law claim if the claim is either

(1) "founded directly on rights created by collective-bargaining agreements" or (2) "substantially dependent on analysis of a collective-bargaining agreement," <u>Caterpillar</u>, 482 U.S. at 394-95. Given the "unusual pre-emptive power" accorded to Section 301, Section 301 is understood to support federal jurisdiction "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." <u>Vera</u>, 335 F.3d at 114; <u>see also Romero</u>, 2016 WL 6584484, at *2.

In this case, removal was timely under 28 U.S.C. § 1446(b)(3), because both Defendants filed within 30 days after service of the Plaintiffs' Proposed Orders to Show Cause. Alvarado filed her Proposed Order on May 18, 2020, and Alliance filed its Notice to Remove on May 20, 2020; the FCP Plaintiffs filed their Proposed Order on May 15, 2020, and FCP filed its Notice to Remove on May 20, 2020.[6]

The Plaintiffs allege that the Arbitrator exceeded his authority, because their state law claims are not covered by the grievance procedures in the CBA and the MOA's amendments to the CBA do not apply to them.  Therefore, their effort to vacate the

---

[6] Section 1446(b)(3) makes clear that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, <u>motion, order or other paper</u> from which it may first be ascertained that <u>the case is one which is or has become removable</u>. 28 U.S.C. § 1446(b)(3) (emphasis added).  When the Plaintiffs filed their Orders to Show Cause, seeking to vacate the Arbitrator's Award, they sought relief that depended entirely on the scope of, and rights and obligations created under, collective bargaining agreements.  At such time, the cases became removable, and the Defendants filed well within the 30-day clock.

Award and stay arbitration depends on the interpretation of the scope and coverage of the CBA and the MOA. The resolution of the Plaintiffs' claims thus turn on the "rights created by" the CBA and "are substantially dependent on the analysis of" the CBA and MOA's grievance and arbitration provisions. See Caterpillar, 482 U.S. at 394-95. Accordingly, this Court has jurisdiction over the action pursuant to Section 301, and the Plaintiffs cannot escape that jurisdiction by packaging their objective of vacating a federal labor arbitral award as a state court motion, pursuant to N.Y. C.P.L.R. § 7511.  See Alameda Room, 538 F. Supp. at 1075. By seeking to vacate the Award on the grounds that the Arbitrator exceeded his authority, the Plaintiffs have made the interpretation of the CBA and the MOA key issues in dispute, and thus removal us proper.

The Plaintiffs' arguments about the effect of state court decisions may be relevant on the merits of the case, but do not divest this Court of subject matter jurisdiction. Nor does the Plaintiffs' claim that they seek to represent a putative class compel a different result.

Instead, courts in this Circuit have long understood that a plaintiff cannot escape Section 301's preemptive sweep through the use of state court motions, including efforts to challenge federal labor arbitrations on state law grounds. See Jenkins Bros. v. Local 5623, United Steelworkers of Am., 230 F. Supp.

871, 872 (D. Conn. 1964) ("[W]hether the complaint be construed as seeking an injunction to enjoin arbitration of a matter not arbitrable under the [CBA] or a declaratory judgment requesting protection against improper demands for arbitration, under controlling law the action is one over which this Court would have had original jurisdiction to determine the obligation of the parties to arbitrate a dispute under a [CBA] in an industry affecting commerce, pursuant to [Section 301]."), aff'd, 341 F.2d 987 (2d Cir. 1965).  Courts in this Circuit have repeatedly denied motions to remand New York Article 75 petitions, despite claims by the moving party that it was not bound by the CBA at issue. See, e.g., Smith v. Wartburg Adult Care Cmty., No. 18-cv-12240, 2020 WL 777336, at *5 (S.D.N.Y. Feb. 18, 2020); Collaku v. Temco Serv. Indus., Inc., No. 18-cv-4054, 2019 WL 452052, at *4-5, *8 (S.D.N.Y. Feb. 5, 2019) (although petitioner did not allege any violations of the CBA, the petitioner's attempt to vacate arbitration was "completely preempted by [Section] 301 of the LMRA" because the arbitrator's "alleged obligation to issue a rational decision based in evidence and reason . . . and [the] [p]etitioner's corresponding right to an arbitral award that [wa]s rational and based in evidence and reason . . . [was] a claim[ ] founded directly on rights created by a CBA"); Basir v. New Carlton Rehab. & Nursing Ctr., No. 13-cv-5726, 2015 WL 5579863, at *4 (E.D.N.Y. Sept. 22, 2015) (removal of Article 75

petition to vacate an arbitral award was proper because the claim "center[s] directly on rights created by the CBA . . . and require[s] the application and interpretation of the CBA"); <u>Old Country Iron Works, Inc. v. Iron Workers Locals 40, 361 & 417</u>, 842 F. Supp. 75, 76–77 (S.D.N.Y. 1993); <u>In re. Triple A Maintenance Corp. v. Bevona</u>, 657 F. Supp. 1171, 1172–73 (S.D.N.Y. 1987).[7]  Such courts have recognized that that "section 301 preempts Article 75" such that "federal jurisdiction exists and is preemptive at least to determine the issue of whether" the moving party is contractually obligated to arbitrate. <u>Newmark & Lewis, Inc. v. Local 814, Int'l Bhd. of Teamsters</u>, 776 F. Supp. 102, 106 (E.D.N.Y. 1991) ("[Plaintiff's] denial that it is bound by the collective bargaining agreement does not deprive this Court of jurisdiction to determine this issue."). Because the Plaintiffs' Orders to Show Cause requesting relief pursuant to N.Y. C.P.L.R. § 7511 seek to vacate portions of a federal labor arbitration Award and to stay a federal arbitration, and require interpretation of the CBA, they "must either be treated

---

[7] Indeed, even in <u>In Matter of Staying Arbitration & Vacating Notice of Intention to Arbitrate Between Armen Digital Graphics, Ltd., Amagamated Lithographers of Am., Local One</u>, on which the Plaintiffs rely, Judge Sand very carefully distinguished his conclusions regarding the preliminary jurisdictional question and (after having found that the court had jurisdiction) his determination on the merits. No. 96-cv-5844, 1997 WL 458738, at *6 (S.D.N.Y. Aug. 12, 1997). Judge Sand recognized that a motion to stay a federal labor arbitration, even "based on [the] contention that [the movant] is not now and has never been a party to a CBA . . . requires an interpretation of that agreement," and thus "removal was proper in order to protect the federal interest in a uniform labor law." <u>Id.</u>

as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." Collaku, 2019 WL 452052, at *8.

Finally, the Plaintiffs make various arguments about the "law of the case" doctrine.  Although the FCP Plaintiffs claim that the Arbitrator's Award "violated" the FCP Injunction Order, this does not appear to be supported by the record.  Despite the FCP Plaintiffs' claims, the Injunction Order was only on behalf of the named plaintiffs, and the Arbitrator excluded them from the scope of his Award. There is no inconsistency between this Court's jurisdiction and the state court's FCP Injunction Order. Moreover, although the law of the case doctrine applies when a state court case is removed to federal court, Torah Soft Ltd. V. Drosnin, 224 F. Supp. 2d 704, 710 (S.D.N.Y. 2002), the "[l]aw of the case directs a court's discretion, [but] it does not limit the tribunal's power," Arizona v. California, 460 U.S. 605, 618 (1983). Indeed, the doctrine does not prevent a court from reconsidering prior opinions when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." DiLaura v. Power Auth. of N.Y., 982 F.2d 73, 76 (2d Cir. 1992); see also Arizona v. California, 460 U.S. at 618 & n. 8 ("Under law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a

prior holding if convinced that it is clearly erroneous and would work a manifest injustice.").

Because the Plaintiffs' motions to remand are denied, so too are the Plaintiffs' requests for costs and fees.

**CONCLUSION**

The Court has considered all of the arguments of the parties.  To the extent not discussed above, the arguments are either moot or without merit.  For the foregoing reasons, the Plaintiffs' motions to remand are **DENIED**. The Clerk is directed to close all pending motions.


**SO ORDERED.**


**Dated:**     **New York, New York**
             **February 18, 2021**

                              /s/ John G. Koeltl
                              John G. Koeltl
                     United States District Judge

17