UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALVARO RAMIREZ GUZMAN, ELIDA AGUSTINA MEJIA HERRERA and LETICIA PANAMA RIVAS, individually and on behalf of all other persons similarly situated,<br>Plaintiffs,<br>v.<br>THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORPORATION, or any other related entities,<br>Defendant. | No. 20-cv-03929 (JGK) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CONTROLLING ISSUES OF LAW UNDER 28 U.S.C. § 1292(b)**

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher, Esq.
Kara S. Miller, Esq.
40 Broad Street, 7th Floor
New York, New York 10004

TAKEROOT JUSTICE
Tito Sinha, Esq.
123 Williams Street, 16th Floor
New York, New York 10038

*Attorneys for Named Plaintiffs and the putative class*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ....... iii

PRELIMINARY STATEMENT ....... 1

ARGUMENT ....... 4

I. This Court Should Certify The Order For Immediate Appeal ....... 4

A. The Order Involves Controlling Questions Of Law ....... 4

B. There Exists A Substantial Ground For Difference Of Opinion ....... 6

C. Additional Factors Support Certification To the Court of Appeals ....... 11

II. A Stay Of This Matter Should Be Granted Pending A Determination By the Appellate Court On Whether It Will Grant Interlocutory Review ....... 12

CONCLUSION ....... 12

# TABLE OF AUTHORITIES

CASES PAGE

1199SEIU United HealthCare Workers East v. PSC Community Services, Et Al.,
Index No. 20-cv-3611 (Doc. No. 159) ....................3

Agarunova v. Stella Orton Home Care Agency, Inc.,
2020 U.S. App. LEXIS 5429 (2d Cir. Feb. 24, 2020) ....................3

Allis-Chalmers Corp. v. Lueck,
471 U.S. 202 (1985)....................8

Barbara v. New York Stock Exch., Inc.,
99 F.3d 49 (2d Cir. 1996) ....................4

Basir v. New Carlton Rehab. & Nursing Ctr.,
2015 U.S. Dist. LEXIS 126667 (E.D.N.Y. Sep. 22, 2015)....................7

Balintulo v. Daimler AG,
727 F.3d 174 (2d Cir. 2013)....................4

Bell v. Cendant Corp.,
293 F.3d 563 (2d Cir. 2002)....................3, 9

California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.),
488 F.3d 112 (2d Cir. 2007)....................4

Capitol Records LLC v. Vimeo, LLC,
972 F. Supp. 2d 500 (S.D.N.Y. Sept. 18, 2013) ....................6

Caterpillar, Inc. v. Williams,
482 U.S. 386 (1987)....................2, 8

Collaku v. Temco Serv. Indus
2019 U.S. Dist. LEXIS 18356 (S.D.N.Y. Feb. 4, 2019)....................7

Electrical Workers v. Hechler,
481 U.S. 851 (1987)....................8

Ferrara v. Leticia, Inc.,
2012 U.S. Dist. LEXIS 135684, 2012 WL 4344164 (E.D.N.Y. Sept. 21, 2012) ....................8

Hickey v. City of N.Y. (In re World Trade Ctr. Disaster Site Litig.),
270 F. Supp. 2d 357 (S.D.N.Y. 2003)....................12

Hymes v. Bank of Am., N.A.,
2020 U.S. Dist. LEXIS 186376 (E.D.N.Y. Sep. 29, 2020)....................................................4, 5, 6

In re Enron Corp.,
2007 U.S. Dist. LEXIS 70731, 2007 WL 2780394 (S.D.N.Y. Sept. 24, 2007) .............................6

In re Facebook, Inc., IPO Secs. & Derivatives Litig.,
986 F. Supp. 2d 524 (S.D.N.Y. 2014).........................................................................................5

In re Staying the Arbitration & Vacating a Notice of Intention to Arbitrate Between ARMEN Dig. GRAPHICS, LTD., Petitioner/Plaintiff, - & -AMALGAMATED LITHOGRAPHERS OF Am., LOCAL ONE,
1997 U.S. Dist. LEXIS 11938 (S.D.N.Y. Aug. 8, 1997) ..........................................................7, 10

Klein v. Vision Lab Telecommunications, Inc.,
399 F. Supp. 2d 528 (S.D.N.Y. 2005)..........................................................................................6

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria,
921 F.2d 21 (2d Cir. 1990)...........................................................................................................5

Lamar Adver. of Penn, LLC v. Town of Orchard Park,
356 F.3d 365 (2d Cir. 2004)..........................................................................................................5

Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc.,
314 F. Supp. 2d 332 (S.D.N.Y. 2004)........................................................................................10

Lorentti-Herrera v. Alliance for Health, Inc.,
173 A.D.3d 596 (1st Dept. 2019)..................................................................................................3

Merritt v. Shuttle, Inc.,
187 F.3d 263 (2d Cir. 1999)..........................................................................................................5

Mignogna v. Sair Aviation, Inc.,
937 F.2d 37 (2d Cir. 1991)............................................................................................................5

Mohawk Indus., Inc. v. Carpenter,
558 U.S. 100 (2009)......................................................................................................................4

Montefiore Med. Ctr. v. Teamsters Local 272,
2009 U.S. Dist. LEXIS 105832, 2009 WL 3787209 (S.D.N.Y. Nov. 12, 2009), *aff'd*, 642 F.3d 321 (2d Cir. 2011)...............................................................................................................................6

Newmark & Lewis, Inc. v. Local 814, Int'l Bhd. of Teamsters,
776 F. Supp. 102 (E.D.N.Y. 1991) ..............................................................................................7

Old Country Iron Works v. Iron Workers Locals 40, 361, & 417,
842 F. Supp. 75 (S.D.N.Y. 1993)..........7

Ruhrgas AG v. Marathon Oil Co.,
526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)..........4

Sacchi v. Verizon Online LLC,
2015 U.S. Dist. LEXIS 21349 (S.D.N.Y. Feb. 23, 2015)..........3, 9

Smith v. Wartburg Adult Care Cmty.,
2020 U.S. Dist. LEXIS 27231 (S.D.N.Y. Feb. 13, 2020)..........7, 8

Steel Co. v. Citizens for Better Environment,
523 U.S. 83 (1998)..........5

Tanasi v. New All. Bank,
786 F.3d 195 (2d Cir. 2015)..........12

Tantaros v. Fox News Network, LLC,
465 F. Supp. 3d 385 (S.D.N.Y. 2020)..........5, 6, 10

Triple A Maint. Corp. v. Bevona,
657 F. Supp. 1171 (S.D.N.Y. 1987)..........7

Troshin v. Stella Orton Home Care Agency, Inc.,
2021 NY Slip Op 30735(U), (NY Sup. Ct. March 12, 2021)..........11

Vera v. Saks & Co.,
335 F.3d 109 (2nd Cir. 2003)..........8

Whyte v. Wework Cos.,
2020 U.S. Dist. LEXIS 136569 (S.D.N.Y. July 31, 2020)..........4

## STATUTES

28 U.S.C. § 1292(b)..........1

29 U.S.C. § 185..........*passim*

CPLR § 7515..........10

Moore's Federal Practice § 203.31[3] (2004)..........4

**PRELIMINARY STATEMENT**

Named Plaintiff Eugenia Barahona Alvarado on behalf of herself and members of the putative class (collectively "Alliance Plaintiffs" in the lawsuit referred to as the "Alliance Action"), and Named Plaintiffs Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, and Leticia Panama Rivas on behalf of themselves and members of the putative class (collectively "FCP Plaintiffs" in the lawsuit referred to as the "FCP Action") (Alliance Plaintiffs and FCP Plaintiffs collectively referred to as "Plaintiffs" and the Alliance and FCP actions collectively referred to as the "FCP/Alliance Actions"), by their attorneys Virginia & Ambinder, LLP and TakeRoot Justice, respectfully request that the Court certify its February 18, 2021 Opinion and Order (the "Order")[1] for immediate appeal, pursuant to 28 U.S.C. § 1292(b), and stay the FCP/Alliance Actions pending the determination of the appeal.

Plaintiffs moved in state court pursuant to state statutory law to vacate part of an award issued by Arbitrator Martin F. Scheinman ("Arbitrator Award") solely to enforce preexisting state court orders and an injunction prohibiting arbitration and holding there was no valid agreement to arbitrate. A determination of these motions by the state court would solely have involved examining the existing state court orders, not any collective bargaining agreements, and indeed, no collective bargaining agreements were even attached to the motions to vacate. The FCP/Alliance Actions were removed to federal court and Plaintiffs moved to remand.

This Court's Order held that resolution of Plaintiffs' motions to vacate would "substantially depend on analysis of a collective bargaining agreement" conferring jurisdiction on this Court pursuant to Section 301 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C.

[1] The Order is attached to the Declaration of LaDonna M. Lusher as Exhibit A.

§ 185 (hereinafter "Section 301"). The Order cited no specific paragraphs of any collective bargaining agreement upon which Plaintiffs' motions to vacate would "substantially depend." The Order also acknowledged that Named Plaintiffs in the FCP/Alliance Actions were not bound to arbitrate their claims, and yet still failed to remand, a decision that conflicts with other legal authority.

The Order, which denied remanding the FCP/Alliance Actions back to the Supreme Court of New York, New York County where they have been proceeding for years, raises significant questions about concepts of federalism and the extent of federal subject matter jurisdiction under Section 301 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. § 185 (hereinafter "Section 301") that should be certified for review at this time by the Second Circuit. Namely:

> (1) Whether a motion filed pursuant to New York law to vacate part of an Arbitrator's ruling because it expressly violated existing state court orders and an injunction prohibiting arbitration is a determination that would be "substantially dependent on analysis of a collective-bargaining agreement" sufficient to confer Section 301 jurisdiction in accordance with the United States Supreme Court's holding in *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) and its progeny; and
>
> (2) Whether Section 301 can confer jurisdiction when courts have already held Named Plaintiffs are not bound to any labor agreement requiring arbitration of their claims.

These questions are controlling questions of law and an immediate appeal will materially advance the ultimate termination of litigation given that a finding reversing the Order would immediately terminate the FCP/Alliance Actions in federal court due to a lack of subject matter jurisdiction. Conversely, if such a determination must wait until final adjudication of the FCP/Alliance Actions, and this Court's Order is reversed by the Second Circuit, every determination made by this Court in the FCP/Alliance Actions would be rendered invalid due to this Court lacking jurisdiction.

These issues are also suitable for interlocutory appeal because they are both issues of first impression for the Second Circuit and are difficult issues that require the Second Circuit's input, especially given that it is state law, not federal law, that governs when determining whether parties entered into a valid agreement to arbitrate. See e.g. Sacchi v. Verizon Online LLC, No. 14-cv-423-RA, 2015 U.S. Dist. LEXIS 21349, at *10-11 (S.D.N.Y. Feb. 23, 2015) ("Because an agreement to arbitrate is a 'creature of contract…the...question of whether the parties agreed to arbitrate is determined by state law.'") (quoting Bell v. Cendant Corp., 293 F.3d 563, 566 (2d Cir. 2002)). The second issue also involves conflicting legal authority between district courts.

Moreover, unique factors especially favor an interlocutory appeal in the FCP/Alliance Actions. The Appellate Division First Department has already ruled on arbitrability in the Alliance Action and expressly held that the Alliance Plaintiffs, both the Named Plaintiffs and members of the putative class, are not bound to any agreement to arbitrate their claims. Lorentti-Herrera v. Alliance for Health, Inc., 173 A.D.3d 596 (1st Dept. 2019). The Second Circuit has already issued an opinion that former employees who cease working for an employer before a labor agreement containing an arbitration clause is executed, such as all Plaintiffs here, are not bound to arbitrate. Agarunova v. Stella Orton Home Care Agency, Inc., No. 19-798, 2020 U.S. App. LEXIS 5429 (2d Cir. Feb. 24, 2020). These issues are therefore especially current.

Additionally, on February 18, 2021, this Court issued another Opinion and Order in 1199SEIU United HealthCare Workers East v. PSC Community Services, Et Al., Index No. 20-cv-3611 (Doc. No. 159) ("1199 Petition Order") a matter that this Court marked related to the cases here. The 1199 Petition Order is a final order and therefore being appealed as of right to the Second Circuit on multiple grounds. It makes sense for the Second Circuit to address the Order and the 1199 Petition Order at the same time.

"[T]he Second Circuit has…stated that 'when a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" Hymes v. Bank of Am., N.A., No. 18-CV-2352 (RRM) (ARL), 2020 U.S. Dist. LEXIS 186376, at *11 (E.D.N.Y. Sep. 29, 2020) (quoting Balintulo v. Daimler AG, 727 F.3d 174, 186 (2d Cir. 2013) (quoting Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111 (2009)). Here to, this Court should not hesitate to certify an interlocutory appeal for its Order in the FCP/Alliance Actions.

## ARGUMENT

### I. This Court Should Certify The Order For Immediate Appeal

#### A. The Order Involves Controlling Questions Of Law

This Court's Order denying the motions to remand held that this Court had subject matter jurisdiction pursuant to Section 301. "The Second Circuit has repeatedly singled out subject matter jurisdiction as a prototypical 'controlling question of law' that is appropriately taken up for interlocutory review." Whyte v. Wework Cos., No. 20-cv-1800 (CM), 2020 U.S. Dist. LEXIS 136569, at *8 (S.D.N.Y. July 31, 2020) (citations omitted); see also Moore's Federal Practice § 203.31[3] (2004) ("an order refusing to remand an action to state court qualifies as a controlling question . . . because if it is reversed on appeal, the action will be terminated in federal court").

Indeed, as summarized by the Second Circuit in California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112 (2d Cir. 2007):

> Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999). Indeed, we have often taken it upon ourselves to determine whether removal jurisdiction existed even where that issue was not itself appealed. See, e.g., *Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 53 (2d Cir. 1996) ("”Although neither party raises this issue

> on appeal, we are under an obligation to do so sua sponte."); *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) [(same)]….
>
> This obligation is not extinguished because an appeal is taken on an interlocutory basis and not from a final judgment. See *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 268 (2d Cir. 1999)….Because subject matter jurisdiction goes uniquely to the fundamental power of the federal courts to hear a case, there is no reason why an appellate court should potentially compound an error of the district court by assuming it has jurisdiction. See *Steel Co.,* 523 U.S. at 101-02 ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."). Indeed, there are sound policy reasons for tackling the issue at this stage, as "[i]t is surely in the interest of judicial economy to determine now whether the federal courts continue to have subject matter jurisdiction over a controversy subject to an interlocutory appeal." *Lamar Adver. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 372-73 (2d Cir. 2004).

Id. at121-22.

In accordance with this policy, district courts regularly certify jurisdictional issues for interlocutory appeal to the Second Circuit. See e.g. Hymes, 2020 U.S. Dist. LEXIS 186376, at *12 (certifying preemption issue for interlocutory appeal stating that "[t]he Court agrees with Defendant that the preemption issue is dispositive of the cases at bar and is a pure question of law."); Tantaros v. Fox News Network, LLC, 465 F. Supp. 3d 385, 390 (S.D.N.Y. 2020) (subject matter jurisdiction dispute certified for interlocutory appeal because "[r]eversal of this Court's decision finding it has subject matter jurisdiction would 'significantly affect the conduct of the action' by stripping this Court of jurisdiction, terminating the federal case, and remanding the action to state court.") (citing In re Facebook, Inc., IPO Secs. & Derivatives Litig., 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014); Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990) (addressing jurisdictional issue certified for interlocutory appeal by district court and stating that "it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action….")).

Moreover, it is undisputed that there is no alternative basis for jurisdiction if the Second Circuit reverses the Order and holds that Section 301 does not confer jurisdiction on this Court. See Hymes, 2020 U.S. Dist. LEXIS 186376, at *12.

As held recently in Tantaros v. Fox News Network, LLC, 465 F. Supp. 3d 385, 392-93 (S.D.N.Y. 2020):

> Reversal of this Court's Opinion & Order would end this case and would materially advance the ultimate termination of the litigation. *See Montefiore Med. Ctr. v. Teamsters Local 272*, No. 09-CV-3096, 2009 U.S. Dist. LEXIS 105832, 2009 WL 3787209, at *6 (S.D.N.Y. Nov. 12, 2009), *aff'd*, 642 F.3d 321 (2d Cir. 2011) (*sua sponte* certifying an order that denied remand for interlocutory appeal because "the governing issue is subject matter jurisdiction and to proceed may result in a decision that the Court lacked subject matter jurisdiction" to issue further orders in the case). Reversal would also put Petitioner's state law claims back in front of New York Supreme Court Judge David Cohen who is familiar with the complex background and history of this case, which would accelerate the timeline of resolution. *See Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005) ("Proceeding with the case where the possibility exists that this Court lacks jurisdiction could force plaintiffs to try this case twice, once in federal court and again in state court.").

The same facts and circumstances are applicable here. The first prong has been satisfied.

**B. There Exists A Substantial Ground For Difference Of Opinion**

"The second prong of the test, that there exists a substantial ground for difference of opinion, is met when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" Hymes, 2020 U.S. Dist. LEXIS 186376, *12 (quoting Capitol Records LLC v. Vimeo, LLC, 972 F. Supp. 2d 500, 551 (S.D.N.Y. Sept. 18, 2013) (quoting In re Enron Corp., No. 06-CV-7828 (SAS), 2007 U.S. Dist. LEXIS 70731, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007)). Here, the issues are particularly difficult and of first impression for the Second Circuit, and for the second issue, there is also conflicting authority.

The Second Circuit has never issued an opinion on whether moving to vacate an arbitrator's award based on existing state court orders prohibiting arbitration could confer jurisdiction under

Section 301. Nor has the Second Circuit ever issued an opinion on whether Section 301 can confer jurisdiction when courts have already held that Named Plaintiffs are not bound to any labor agreement requiring arbitration of their claims. Both issues are therefore ones of first impression for the Second Circuit.

This Court's Order is also the first to address this issue at the district court level in the Second Circuit. The cases relied on by this Court in its Order all involved (1) situations where a party had participated in arbitration and then subsequently moved to vacate based on disagreement with the arbitrator's ruling,[2] and (2) cases where the movant was seeking to enjoin or stay arbitration due to no valid arbitration agreement but where the arbitrability issue had not yet been decided by any prior court.[3] None involved the situation here, where state courts already ruled on the issue of arbitrability, and Plaintiffs were seeking relief solely to enforce existing court orders.

[2] The cases cited by this Court falling into this first category, where there was lawful arbitration, include Smith v. Wartburg Adult Care Cmty., No. 18-CV-12240 (KMK), 2020 U.S. Dist. LEXIS 27231, (S.D.N.Y. Feb. 13, 2020), Collaku v. Temco Serv. Indus., No. 18-CV-4054 (VEC), 2019 U.S. Dist. LEXIS 18356 (S.D.N.Y. Feb. 4, 2019), and Basir v. New Carlton Rehab. & Nursing Ctr., No. 13-cv-5726 (RRM) (MDG), 2015 U.S. Dist. LEXIS 126667 (E.D.N.Y. Sep. 22, 2015).

[3] The cases cited by this Court falling into this second category, where no prior determination as to arbitrability had been made by any prior court, include Old Country Iron Works v. Iron Workers Locals 40, 361, & 417, 842 F. Supp. 75 (S.D.N.Y. 1993), Triple A Maint. Corp. v. Bevona, 657 F. Supp. 1171 (S.D.N.Y. 1987), Newmark & Lewis, Inc. v. Local 814, Int'l Bhd. of Teamsters, 776 F. Supp. 102, 106 (E.D.N.Y. 1991), and In re Staying the Arbitration & Vacating a Notice of Intention to Arbitrate Between ARMEN Dig. GRAPHICS, LTD., Petitioner/Plaintiff, - & -

The issues are also particularly difficult and important for the Second Circuit to address. As held by the United States Supreme Court in Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987), there are only two circumstances where Section 301 will confer jurisdiction on a federal court over state law claims: (1) "claims founded directly on rights created by collective-bargaining agreements" and (2) claims that are "substantially dependent on analysis of a collective-bargaining agreement." Id. at 394-95 (citing Electrical Workers v. Hechler, 481 U.S. 851, 859, n. 3 (1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985)). The Order held that the second prong would apply to Plaintiffs' motions to vacate, although the Order never set forth even one provision of a collective-bargaining agreement that would be necessary to resolve Plaintiffs' motions to vacate, which were predicated solely on the grounds of trying to enforce existing state court orders and an injunction. As mentioned above, no collective bargaining agreements were even attached to the underlying motions.

As noted by the Smith Court upon which this Court relied, "[t]he Second Circuit has cautioned that '[t]he boundary between claims requiring interpretation of a CBA and ones that merely require such an agreement to be consulted is elusive.'" Smith, 2020 U.S. Dist. LEXIS 27231, at *13 (quoting Vera v. Saks & Co., 335 F.3d 109, 115 (2nd Cir. 2003) (alteration in original) (citation and quotation marks omitted); Ferrara v. Leticia, Inc., No. 09-CV-3032, 2012 U.S. Dist. LEXIS 135684, 2012 WL 4344164, at *3 (E.D.N.Y. Sept. 21, 2012) (same)). It is therefore recognized that the second grounds for jurisdiction under Section 301, pursuant to which the Order found jurisdiction, can be challenging for courts to navigate.

---

AMALGAMATED LITHOGRAPHERS OF Am., LOCAL ONE, 96 Civ. 5844 (LBS), 1997 U.S. Dist. LEXIS 11938 (S.D.N.Y. Aug. 8, 1997).

Moreover, these issues are important and difficult because they directly involve issues of federalism. It is New York State, not federal law, that governs whether the parties agreed to arbitrate. See e.g. Sacchi v. Verizon Online LLC, No. 14-cv-423-RA, 2015 U.S. Dist. LEXIS 21349, at *10-11 (S.D.N.Y. Feb. 23, 2015) ("Because an agreement to arbitrate is a 'creature of contract…the...question of whether the parties agreed to arbitrate is determined by state law.'") (quoting Bell v. Cendant Corp., 293 F.3d 563, 566 (2d Cir. 2002)). The parties have litigated the exact issue of arbitrability for years in state court and the issue had been fully and finally determined in state court and affirmed by the Appellate Division First Department. Section 301 preemption cannot lie by simply seeking to enforce existing state court orders in state court because it does not satisfy either of the two prongs required for Section 301 preemption to apply as set forth in Caterpillar, supra.

The Order also establishes perverse incentives for every state court loser on a motion to compel arbitration pursuant to a collective bargaining agreement to simply proceed with arbitration anyway and remove the action to federal court as soon as the state court winners move to stay or vacate the rogue arbitration. This Court's Order clearly implied it will then give the losing party a second bite at the apple to relitigate whether a valid arbitration agreement existed in the first place. Even worse, the loser to the arbitration could make such tactical moves at any stage in the litigation, first waiting to see how the state court adjudicates a myriad of matters. This could result in large numbers of actions being litigated in federal court where there is otherwise no basis for federal subject matter jurisdiction and egregious forum shopping.

Judge Carter recently certified a request for interlocutory appeal in another matter involving a jurisdictional dispute under the FAA, noting that it was of particular importance due to the impact the ruling would have on the "federal-state balance":

> The operative question in this case is a matter of first impression in this Circuit. Moreover, the issue is complex and subject to legitimate dispute….Congress gave concurrent jurisdiction to state and federal courts under the FAA, and '[t]hat federal-state balance would be disrupted if every CPLR § 7515 claim filed in state court could be removed to federal court.'

Tantaros v. Fox News Network, LLC, 465 F. Supp. 3d 385, 392 (S.D.N.Y. 2020).

As to the second issue, there also exists conflicting authority, further supporting that the issue should be certified for appeal for clarification from the Second Circuit. This Court's Order acknowledged that Named Plaintiffs in the FCP/Alliance Actions were carved out and not subject to the arbitration at issue and that no classes had yet been certified. This Court also recognized that the FCP Injunction expressly prohibited arbitration of at least the FCP Named Plaintiffs' claims. Yet the Court still held it had jurisdiction pursuant to Section 301. This is in conflict with other legal authority from the Southern District of New York holding that Section 301 cannot confer jurisdiction over claims of those not bound to the applicable labor agreement requiring arbitration. See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc., 314 F. Supp. 2d 332, 353 (S.D.N.Y. 2004) (holding the court lacked subject matter jurisdiction under Section 301 because party was not bound to the applicable labor agreement pursuant to which arbitration was being brought); In re Staying the Arbitration & Vacating a Notice of Intention to Arbitrate Between ARMEN Dig. GRAPHICS, LTD., Petitioner/Plaintiff, - & -AMALGAMATED LITHOGRAPHERS OF Am., LOCAL ONE, 96 Civ. 5844 (LBS), 1997 U.S. Dist. LEXIS 11938 (S.D.N.Y. Aug. 8, 1997) (granting motion to remand for lack of subject matter jurisdiction because once it was determined plaintiff was not bound to the applicable labor agreement compelling arbitration, Section 301 could no longer provide jurisdiction). Notably, in Armen Dig. Graphics, it was immaterial to the Section 301 jurisdictional analysis that the plaintiff initially moved in state court to seek a stay of an ongoing arbitration with

a labor union – once it was determined the plaintiff was not bound to arbitrate, Section 301 did not confer jurisdiction, and the motion to stay arbitration was remanded back to the state court for determination. Id.

State Court orders have already determined that the Named Plaintiffs in the FCP/Alliance Actions are not bound to arbitrate their claims, the FCP Injunction prohibits arbitration, and Named Plaintiffs have been carved out of the arbitration, as this Court has acknowledged. Per the authority cited above, Section 301 could not confer jurisdiction and the motions to vacate should be remanded back to the state court for determination. This Court's determination that Section 301 still gave it jurisdiction is therefore in direct contrast with the holdings of other courts in this district, further supporting certification to the Second Circuit.

As set forth above, the second prong for certification has thus been satisfied.

### C. Additional Factors Support Certification To the Court of Appeals

There are additional factors that support certification to the Court of Appeals. As noted previously, these issues are especially current, and the Appellate Division First Department has already issued a ruling prohibiting arbitration in the Alliance Action, that would apply equally to the FCP Action. Additionally, the 1199 Petition Order is being appealed on multiple grounds, including that it was rendered while there were two pending motions to vacate the Arbitration Award in the FCP/Alliance Actions. Any determination made by this Court on the pending motions to vacate in the FCP/Alliance Actions would be called into question and remain subject to nullity until the jurisdictional issue is finally determined. It makes sense for the Second Circuit to address both the Order and the 1199 Petition Order at the same time. Plaintiffs note that this Court's rationale in the 1199 Petition Order has already been held by at least one court as being contrary to "multiple decisions of the Appellate Division – and the Second Circuit…." Troshin v. Stella

Orton Home Care Agency, Inc., 2021 NY Slip Op 30735(U), fn.3 (NY Sup. Ct. March 12, 2021). These unique circumstances further support certification of these issues for interlocutory review.

### II. A Stay Of This Matter Should Be Granted Pending A Determination By the Appellate Court On Whether It Will Grant Interlocutory Review

For the same reasons set forth above, should this Court grant Plaintiffs' motion, it is respectfully requested that this Court issue a stay of the FCP/Alliance Actions pending the appeal. Stays pending appeal of subject matter jurisdiction determinations are especially appropriate. See, e.g. Tanasi v. New All. Bank, 786 F.3d 195, 198 (2d Cir. 2015) (subject matter jurisdiction dispute certified for appeal and district court staying case during pendency of certification process and appeal); Hickey v. City of N.Y. (In re World Trade Ctr. Disaster Site Litig.), 270 F. Supp. 2d 357, 381 (S.D.N.Y. 2003) (staying case pending decision by Court of Appeals on certification where issue certified for appeal involves preemption and scope of federal jurisdiction).

## CONCLUSION

Wherefore, for the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' application for interlocutory appeal of the Court's February 18, 2021 Order, and stay the FCP/Alliance Actions pending the Second Circuit's review.

Dated: New York, New York
March 19, 2021

VIRGINIA & AMBINDER, LLP

By: /s/

LaDonna M. Lusher, Esq.
Kara S. Miller, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

TAKEROOT JUSTICE
Tito Sinha, Esq.
123 Williams Street, 16th Floor
New York, New York 10038
Tel: (646) 459-3021
Fax: (212)-533-4598

**CERTIFICATION OF COMPLIANCE**

I hereby certify pursuant to Rule II (D) of this Court's Individual Practices that the foregoing brief was prepared using a proportionally spaced typeface as follows:

Name of Typeface: Times New Roman

Point size: 12

Line spacing: Double, with single-spaced indented block quotes

The total number of words in the brief, inclusive of point headings and footnotes, and exclusive of pages containing the table of contents, table of authorities, signature block and certificate of compliance, or any authorized addendum is 3,931.

Dated: New York, New York
March 19, 2021

VIRGINIA & AMBINDER, LLP

__________/s/________________
LaDonna M. Lusher, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080