UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALVARO RAMIREZ GUZMAN, ET AL.,

    Plaintiffs,

    - against -

FIRST CHINESE PRESBYTERIAN COMMUNITY
AFFAIRS HOME ATTENDANT CORPORATION,

    Defendant.

20-cv-3929 (JGK)

OPINION AND ORDER

---

EUGENIA BARAHONA ALVARADO,

    Plaintiff,

    - against -

ALLIANCE FOR HEALTH, INC.,

    Defendant.

20-cv-3930 (JGK)

---

JOHN G. KOELTL, District Judge:

    Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, and Leticia Panama Rivas ("FCP Plaintiffs") and Eugenia Barahona Alvarado are former home health aides who brought separate suits in New York State court against their respective former employers, First Chinese Presbyterian Community Affairs Home Attendant Corporation ("FCP") and Alliance for Health, Inc. ("Alliance"), alleging violations of New York State and New York City Labor Law, individually and on behalf of putative classes.

    During the pendency of these suits, 1199SEIU United Healthcare Workers East ("1199SEIU" or the "Union") commenced an industry-wide class action grievance dispute process against

over forty home health aid agencies including FCP and Alliance on behalf of the Union's members for violations of certain federal and state wage and hour laws. On April 17, 2020, the Arbitrator issued an award (the "Award"), deciding two jurisdictional issues. Of specific relevance for these cases, the Arbitrator concluded that the relevant collective bargaining agreements ("CBAs") and subsequent Memoranda of Agreement ("MOAs"), into which the agencies and the Union entered, vested the Arbitrator with jurisdiction to decide the scope of his authority and then to arbitrate certain state law claims raised by the Union on behalf of former employees, including those who ceased employment before the MOAs were executed. The breadth of the class arbitration is broad and potentially involves 100,000 current and former workers. In a related action in this Court, the Union filed a motion to confirm the Award on May 8, 2020. On May 20, 2020, the defendants removed the plaintiffs' suits from New York state court to this Court, pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, after the plaintiffs each filed motions to vacate parts of the Arbitrator's Award and to stay further arbitration. The plaintiffs subsequently filed motions to remand their respective cases to state court.

On February 18, 2021, in the related case, this Court granted the Union's motion to confirm the Award ("Award Order").

See 1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs., --F. Supp. 3d-- No. 20-cv-3611, 2021 WL 708584 (S.D.N.Y. Feb. 19, 2021). On the same day, the Court also denied the plaintiffs' motions to remand their cases to state court ("Remand Order"). See Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp., --F. Supp. 3d-- No. 20-cv-3929, 2021 WL 632493 (S.D.N.Y. Feb. 18, 2021).

The plaintiffs now have filed motions requesting that this Court, pursuant to 28 U.S.C. § 1292(b), certify that its Remand Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an intermediate appeal from the Remand Order may materially advance the ultimate termination of the litigation. While the plaintiffs have failed to identify the appropriate controlling question of law, the Court finds that there is in fact such a controlling question, and therefore certifies that an interlocutory appeal is appropriate pursuant to 28 U.S.C. § 1292(b).

I.

A district court should certify an order for interlocutory appeal if: (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

3

28 U.S.C. § 1292(b).[1] Certification under Section 1292(b) requires "exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 505 F.3d 226, 229 (2d Cir. 2007). Certification is appropriate only in the small subset of cases where "an intermediate appeal may avoid protracted litigation," Koehler v. Bank of Berm. Ltd., 101 F.3d 863, 866 (2d Cir. 1996); In re Roman Catholic Diocese of Albany, N.Y., Inc., 745 F.3d 30, 36 (2d Cir. 2014) (per curiam).

## II.

In light of their unique facts, these cases present one such "exceptional circumstance" where certification of the Remand Order to the Court of Appeals is appropriate.

The controlling question of law raised by the Remand Order is as follows: Whether this Court has federal jurisdiction, pursuant to Section 301 of the LMRA over state court actions in which the state court plaintiffs filed motions to vacate an arbitration award and stay further arbitration proceedings in a class action arbitration that began pursuant to a collective bargaining agreement?

---

[1] Unless otherwise noted, this Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

4

First, the question of whether this Court has subject matter jurisdiction over the present actions is plainly a "controlling" issue of law. See, e.g., Whyte v. Wework Companies, Inc., No. 20-cv-1800, 2020 WL 4383506, at *3 (S.D.N.Y. July 31, 2020) (noting the Court of Appeals for the Second Circuit "has repeatedly singled out subject matter jurisdiction as a prototypical controlling question of law that is appropriately taken up for interlocutory review").

Second, given the interplay of the preemptive scope of Section 301 of the LMRA and the breadth of the labor class action arbitration at issue, the potential for differences of opinion is more than "merely metaphysical." Tantaros v. Fox News Network, LLC., 465 F. Supp. 3d 385, 391 (S.D.N.Y. 2020). A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Enron Corp., No. 01-cv-16034, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007). The Court of Appeals has instructed that when a controlling issue of law satisfies the requirements of Section 1292(b) and "'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" Balintulo v. Daimler AG, 727 F.3d 174, 186 (2d Cir. 2013)

(citing Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111 (2009)); see also Tantaros, 465 F. Supp. 3d at 391.

Federal courts interpreting MOAs, similar to the one at issue in these cases, have reached differing conclusions as to whether a union can bring claims on behalf of former employees, given the absence of temporal limitations in either the CBA or the MOA. See, e.g., Agarunova v. Stella Orton Home Care Agency, Inc., 794 F. App'x 138, 140 (2d Cir. 2020) (affirming district court's determination that a former employee could not be compelled to arbitrate by the MOA because she was no longer an employee when the MOA took effect, but declining to address the employer's argument that the dispute involved "questions of arbitrability" that was delegated to the arbitrator under the CBA, because that issue was not properly raised in the district court); Chu v. Chinese-Am. Plan. Council Home Attendant Program, Inc., 194 F. Supp. 3d. 221, 229 (S.D.N.Y. 2016) (suggesting that former employees could not be bound by a substantively similar MOA, but not addressing questions of arbitrability); Raymond v. Mid-Bronx Haulage Corp., No. 15-cv-5803, 2017 WL 9882601, at *6 (S.D.N.Y. June 10, 2017) (noting relevant passage in Chu was "dicta" and presenting compelling reasons not to extend it further); Rodriguez v. New York Found. for Senior Citizens Home Attendant Servs., Inc., No. 15-cv-9817, 2016 WL 11707094, at *3-4 (S.D.N.Y. July 14, 2016) (finding that former employee was

required to arbitrate under the CBA and MOA, even though she ceased employment before the MOA took effect). Further, several New York State courts have concluded that former employees cannot be bound by the relevant MOA's Alternative Dispute Resolution provision, prior to the Arbitrator's Award. See e.g., Hichez v. United Jewish Council of the E. Side, 117 N.Y.S.3d 214, 215 (App. Div. 2020); Lorentti-Herrera v. All. for Health, Inc., 104 N.Y.S.3d 103, 104 (App. Div. 2019); Konstantynovska v. Caring Pros., Inc, 103 N.Y.S.3d 364, 364-65 (App. Div. 2019). At least one New York State court has concluded that former employees cannot be bound by the relevant MOA's arbitration provision even following the Award's confirmation. See Troshin v. Stella Orton Home Care Agency, Inc., 141 N.Y.S.3d 297 (Sup. Ct. 2021).

These cases illustrate the contentious nature of the ultimate question reached by the arbitrator, namely whether he had the authority to decide the claims of former employees, rather than the question of arbitrability, namely whether he had the authority under the MOAs and the CBAs to decide the scope of his jurisdiction. But the differing decisions on the ultimate merits of the Arbitrator's decision underscore the importance of a decision by the Court of Appeals on whether the decision as to arbitrability should be made in federal court or whether the motion to vacate the Arbitrator's Award must remain in state

7

court because there is no federal jurisdiction to decide it in federal court. Further, as the defendants conceded at oral argument, there is no Second Circuit Court of Appeals decision directly on point on the issue of whether removal was jurisdictionally proper in these circumstances.

In its Remand Order, this Court noted that a determination of whether the Arbitrator exceeded his jurisdiction would depend on an interpretation of both the Grievance Procedures (Article XXVI) of the CBA, as well as the Alternative Dispute Resolution article of a subsequent MOA. Guzman, 2021 WL 632493, at *5; see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 394-95 (1987). For example, the question of whether the CBA or the MOA's grievance procedures included temporal limitations, preventing their application to former employees, is one that would require careful interpretation of both the CBA and MOA. Further, a question over the Arbitrator's authority to adjudicate this dispute pertains to rights created by the CBA. Moreover, the Court noted that the Arbitrator excluded the FCP Plaintiffs and Guzman from scope of his jurisdiction and from the Award, in recognition of the state court's orders enjoining the inclusion of the named plaintiffs in the arbitration. See Guzman, 2021 WL 632493, at *4. Finally, the Court relied on decades of precedent establishing that state court motions that seek to vacate or stay federal arbitrations, pursuant to Section 301,

"must either be treated as a § 301 claim . . . or [be] dismissed as pre-empted by federal labor-contract law." Id. (quoting Collaku v. Temco Serv. Indus., Inc., No. 18-cv-4054, 2019 WL 452052, at *4-5, *8 (S.D.N.Y. Feb. 5, 2019)).

Nevertheless, these cases involve putative class members who are members of the class at issue in the arbitration. Given the scope of the arbitration at issue in these cases and the number of parallel state court actions, these cases present unique and difficult questions for the Court of Appeals. See In re Enron Corp., 2007 WL 2780394, at *1. The Court of Appeals will face the question of the Arbitrator's jurisdiction in the appeal of this Court's Award Order that affirmed the Arbitrator's award. But the interlocutory appeal in these cases will present the additional issue of whether the challenge to the Arbitrator's award in state court presented a basis for removal of the state court action to federal court.

Finally, an immediate appeal from the Remand Order would materially advance the ultimate termination of these cases. Because it is possible that the Court of Appeals' decision in the appeal of the Award Order may not ultimately address the question of removal jurisdiction in these cases, the Court finds that certifying a question for review is appropriate. It would be wasteful to have these cases proceed if it were ultimately determined that there was no subject matter jurisdiction.

Therefore, although the Remand Order was based on well-established principles of jurisdiction under Section 301 and its preemptive scope, these cases warrants the opportunity for the Court of Appeals to consider the legal issues raised by the removal.

However, the questions that the plaintiffs have suggested do not fairly characterize the true controlling issue of law in these cases.[2] Thus, the Court will certify the following question:

> Whether this Court has federal jurisdiction, pursuant to Section 301 of the LMRA over state court actions in which the state court plaintiffs filed motions to vacate an arbitration award and stay further arbitration proceedings in a class action arbitration that began pursuant to a collective bargaining agreement.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to certify the Remand Order for immediate appeal is

---

[2] The plaintiffs suggested the following two questions should be certified for review:
  (1) Whether a motion filed pursuant to New York law to vacate part of an Arbitrator's ruling because it expressly violated existing state court orders and an injunction prohibiting arbitration is a determination that would be "substantially dependent on analysis of a collective-bargaining agreement" sufficient to confer Section 301 jurisdiction in accordance with the United States Supreme Court's holding in Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987) and its progeny; and
  (2) Whether Section 301 can confer jurisdiction when courts have already held Named Plaintiffs are not bound to any labor agreement requiring arbitration of their claims.
Guzman Pls.' Br., ECF No. 30, at 2; Alvarado Pl.'s Br., ECF No. 29, at 2.

10

**granted.** The Court certifies that the controlling question of law listed above warrants immediate appeal pursuant to 28 U.S.C. § 1292(b). The Clerk is directed to close all pending motions in both dockets.

SO ORDERED.

Dated:   New York, New York
         May 7, 2021

                                                   _____
                                                     John G. Koeltl
                                            United States District Judge